# UNITED STATES CIRCUIT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JACQUELINE R. THOMPSON,** <br> 3924 Allison Street <br> North Brentwood, MD 20722 <br><br> **Individually and on behalf of all others similarly situated,** <br><br> *Plaintiff,* <br><br> v. <br><br> **DIGICON CORPORATION** <br><br> *Defendant.* | **COLLECTIVE AND CLASS** <br><br> **ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff JACQUELINE R. THOMPSON, by her undersigned counsel on behalf of herself and others similarly situated, for her collective and class action Complaint, alleges as follows:

## NATURE OF THE CASE

1.     Plaintiff JACQUELINE R. THOMPSON ("Plaintiff" or "Ms. Thompson"), individually and on behalf of others similarly situated, brings this individual collective and class action against DIGICON CORPORATION ("Defendant" or "Digicon") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code § 32-1001 *et seq.* ("DCMWA"), and the D.C. Payment and Wage Collection Law, D.C. Code § 32-1301 *et seq.* ("DCPWCL").  The relief sought is backpay in the form of wages and overtime

wages, monetary damages, liquidated damages, interest, costs, reasonable attorneys' fees, and other relief available as a result of Digicon's commonly applied policy and practice of misclassifying Plaintiff and other similarly situated employees as exempt and failing to pay them overtime wages, in violation of the FLSA, DCMWA and DCPWCL.

2.      Plaintiff brings her individual action against Digicon to redress Digicon's violation of its statutory obligation to pay Plaintiff overtime compensation, in an amount equal to one-and-a-half times the rate of regular pay, for hours over forty (40) worked in a single workweek, pursuant to 29 U.S.C. § 207 (a) and D.C. Code § 32-1003 (c), and to timely pay such wages on a bi-weekly basis, pursuant D.C. Code § 32-1302. Specifically, Digicon willfully and purposefully misclassified Plaintiff as an "exempt" employee to circumvent paying overtime wages.

3.      Plaintiff also brings a collective action pursuant to 29 U.S.C. § 216 (b), and a class action under pursuant to D.C. Code § 32-1012 (b) and D.C. Code § 32-1308, on behalf of herself and other similarly situated individuals employed by Digicon who have been misclassified as exempt and, as a result, whose overtime wages have been withheld in violation of 29 U.S.C. § 207 (a), D.C. Code § 32-1003 (c), and D.C. Code § 32-1302.

4.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed the widespread violations of the FLSA, DCMWA, and DCPWCL set forth herein.

**JURISDICTION, VENUE, AND STATUE OF LIMITATIONS**

5.      This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1331 because this is an action based on

violations of federal law, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

6. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b)(2), because the District of Columbia is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

7. This Complaint is filed within the statute of limitations provided by 29 U.S.C. § 255, which states that a civil complaint must be filed within three years of a willful violation of the FLSA. This Complaint is also filed within the statute of limitations provided by D.C. Code § 32-1013, which provides that that any action under the DCMWA must be brought within three years from the time the cause of action accrued.

## PARTIES

8. DEFENDANT DIGICON is a corporation organized and existing under the laws of the State of Maryland with its principle place of business in Herndon, Virginia.

9. Digicon is a privately owned entity that provides information technology support to governments and corporations nationwide, including federal government agencies in the District of Columbia.

10. Digicon actively conducts business in the District of Columbia.

11.     Defendant Digicon is an "employer" within the meaning of 29 U.S.C. § 203(d), D.C. Code § 32-1002 and D.C. Code § 32-1301.

12.     Digicon operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00 in each year during Plaintiff's employment.

13.     PLAINTIFF JACQUELINE R. THOMPSON was formerly employed by Digicon and at all times relevant to this action, was a citizen and resident of the State of Maryland.

14.     At all relevant times, Plaintiff was employed by Defendant Digicon and worked on-site at the offices of the U.S. Commodity Futures Trading Commission ("CFTC"), located at Three Lafayette Centre, 1155 21st Street, Northwest, Washington, D.C. 20581.

15.     By bringing this action, Plaintiff consents to participate in an action under the FLSA and the DCMWA.

16.     Plaintiff brings this action on behalf of herself and other similarly situated individuals under the collective action provisions of the FLSA set forth in 29 U.S.C. § 216(b).   Such individuals are current and former employees of Digicon employed as information technology services staff, including technicians, analysts, support analysts, customer support analysts and desktop technicians ("IT services positions"), who were improperly classified as "exempt" by Digicon.   Therefore, the term "FLSA Collective Action members," as used in this Complaint, refers to the named Plaintiff and all putative members of the collective action pursuant to 29 U.S.C. § 216 (b).

17.    Plaintiff also brings this action on behalf of herself and other similarly situated individuals pursuant to under Fed. R. Civ. P. 23 and under the class action provisions of the D.C. Code as set forth in D.C. Code § 32-1012(b) and D.C. Code § 32-1308.  Such individuals are current and former employees of Digicon current and former employees of Digicon employed as information technology services staff, including technicians, analysts, support analysts, customer support analysts and desktop technicians ("IT services positions"), within the District of Columbia, who were improperly classified as "exempt" by Digicon.  Therefore, the term "DCMWA Class," as used in this Complaint, refers to the named Plaintiff and all putative class members pursuant to the DCMWA, the DCPWCL, and the regulations promulgated thereto.

18.    The term "Plaintiffs" as used in this Complaint, collectively refers to the named Plaintiff, the FLSA Collective Action Members, and the DC Class.

**FACTUAL ALLEGATION COMMON TO ALL CAUSES OF ACTION**

19.    Ms. Thompson was hired by Digicon on October 18, 2010 as a Help Desk Specialist assigned to provide services for Digicon's federal government contract with the Defense Contract Audit Agency ("DCAA").  Her duties included attending to the Help Desk's phone lines and email, as well as assisting with any necessary information technology ("IT") support, such as computer installations, which included creating user accounts and program installments as well as physically installing computers in their designated locations (the "DCAA position").  While working for Digicon under the DCAA contract, Ms. Thompson's position was classified as "non-exempt" for FLSA purposes.

20.     In the DCAA position, Ms. Thompson's regular weekly salary was approximately $1,154, not including any overtime pay.

21.     On July 18, 2011, Ms. Thompson was reassigned to provide services for Digicon's contract with the Commodities Futures Trading Commission ("CFTC") as a Help Desk Specialist (the "CFTC position").   Her duties in the CFTC position were essentially identical to her duties in the DCAA position.  Ms. Thompson was required by Digicon to work on-site at the CFTC's office in Washington, D.C.

22.     In the CFTC position, Ms. Thompson's starting regular weekly salary was approximately $1,250, not including any overtime pay.  Ms. Thompson received a raise in July 2012, and her regular weekly salary became approximately $1,294, not including any overtime pay.

23.     Despite the CFTC position being identical to the DCAA position, in the CFTC position Ms. Thompson was re-classified as an "exempt" employee for FLSA and DCMWA purposes.

24.     In neither position did Ms. Thompson hold any supervisory duties or responsibilities.

25.     In neither position did Ms. Thompson have the ability to exercise discretion or independent judgment.

26.     At no time during Plaintiff's employment with Digicon did she perform work duties that would make her exempt from the overtime requirements of the FLSA or DCMWA.

27.     Upon information and belief, putative members of the DC Class and the FLSA Collective Action members did not perform work for Digicon that would make them exempt from the overtime requirements of the FLSA or DCMWA.

28.     In both the DCAA position and the CFTC position, Ms. Thompson frequently worked over forty (40) hours per work week, and was required to inform her supervisor when she did so.

29.     At all relevant times herein, Digicon controlled the work schedules, duties, protocols, assignments and conditions of employment of Plaintiffs.

30.     At all relevant times herein, Digicon set and determined Plaintiffs' rates and methods of pay.

31.     Although Plaintiff regularly worked in excess of forty (40) hours per work week, at no time while she was working in the CFTC position was Plaintiff paid premium wages (time-and-a-half) for the overtime hours that she worked.

32.     Upon information and belief, putative members of the DC Class or FLSA Collective Action members received their wages/compensation from Digicon in the same manner as described above.

33.     During the applicable statutory period, no overtime compensation was ever paid to Plaintiff by Digicon.

34.     Upon information and belief, during the applicable statutory period, no overtime compensation was ever paid to putative members of the DC Class or FLSA Collective Action members by Digicon.

35.    Digicon willfully, intentionally and knowingly treated Plaintiff and putative members of the FLSA Collective Action, as exempt under § 213(a) of the FLSA from the statute's overtime pay requirements.

36.    Plaintiff and putative members the FLSA Collective Action did not qualify as exempt employees, as defined by the applicable federal regulations.

37.    Digicon willfully, intentionally and knowingly treated Plaintiff and putative members the DC Class as exempt under § 32-1004 of the DCMWA from the statute's overtime pay requirements.

38.    Plaintiff and putative members of the DC Class did not qualify as exempt employees, as defined by the DCMWA.

39.    Digicon's failure to pay overtime compensation, as alleged herein, in violation of federal and state law has been willful, arbitrary, unreasonable and/or in bad faith.

40.    Starting more than three (3) years ago and continuing to the present, Plaintiff, putative members of the FLSA Collective Action and putative members of the DC Class have been working in the manner described above and have been compensated in the manner described above.

41.    Digicon's wrongful acts and/or omissions, as alleged herein, were not made in good faith or in conformity with or reliance on any written administrative regulation, order, ruling, approval or interpretation by the U.S. Department of Labor or any State Wage and Hour Bureau or the respective administrative practices or enforcement policies of such departments.

42.     As a result of the foregoing, Plaintiff, putative members of the FLSA Collective Action and putative members of the DC Class were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, costs and reasonable attorneys' fees and other relief pursuant to 29 U.S.C. § 216 (b) and D.C. Code § 32-1012.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff brings this action on behalf of herself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedure of Defendant as described herein.

44.     Members of the FLSA Collective Action are defined as follows:  All current and former employees of Digicon who were/are employed as information technology services staff, including technicians, help desk specialists, analysts, support analysts, customer support analysts and desktop technicians ("IT services positions"), in the United States and/or on all federal government contracts wherever they are performed during the applicable statutory period from September 19, 2011 to present, who were misclassified as exempt and not paid overtime for all hours worked in excess of forty (40) hours in a work week.

45.     Plaintiff reserves the right to amend said FLSA Collective Action definition consistent with information obtained through discovery.

46.     This is an appropriate collective or representative action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), because the Plaintiff and the putative class members are similarly situated in that they are all subject to Digicon's common plan or

practice of misclassifying their work as exempt when, in fact, it is non-exempt work under the law, thereby refusing to pay overtime compensation for non-exempt work in excess of forty (40) hours per week.

47.     All members of the putative class have been subjected to Digicon's willful and intentional violation of its statutory obligation to pay overtime wages at a rate of time-and-a-half to all non-exempt employees for all hours worked in excess forty (40) per week.

48.     The putative members of the class are so numerous that joinder of all members is impractical, if not impossible, and a collective action is the only available method for the fair and efficient adjudication of this controversy, which, upon information and belief, involves far more than 50 individuals.

49.     Plaintiff and the putative members of the class share a community of interests in that there are numerous common questions of fact and law which predominate over any questions and issues solely affecting individual members.  As such, a collective action is superior to other methods for the fair and efficient adjudication of the controversy.

50.     Questions of fact and law common to the FLSA Collective Action which predominate over any questions affective only individual members include:

(a)     Whether Digicon violated and continues to violate the FLSA by failing to pay overtime wages for all work weeks in excess of forty (40) hours to Plaintiff and putative members of the FLSA Collective Action who are or have been employed to provide information technology services in Virginia, Maryland and the District of Columbia;

(b)     Whether former and current information technology staff employed by Digicon during the applicable statutory period qualify for exemption under the FLSA;

(c)     Whether Digicon attempted to contravene the FLSA by classifying Plaintiff and putative members of the FLSA Collective Action as exempt, when their work was non-exempt under the law;

(d)     Whether Digicon's acts or omissions were willful, arbitrary, unreasonable and/or in bad faith.

51.     This litigation is properly brought as a collective action because Plaintiff's claims are typical of the claims of the FLSA Collective Action.  Like all putative class members, Plaintiff sustained pecuniary loss as a result of Digicon's common course of conduct, described above, in violation of the FLSA.

52.     Since the damages suffered by the individual class members, while not inconsequential, may be relatively small, should separate actions be brought or be required of each individual putative member of the FLSA Collective Action, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants, and would create the risk of inconsistent rulings, which might be dispositive of the interests of other class members who are not parties to the adjudication and/or might substantially impede their ability to adequately protect their interests.

53.     Plaintiff is an adequate representative of the FLSA Collective Action and is not subject to any individual defenses unique from those conceivably applicable to the class as a whole.

54.    Plaintiff has retained competent counsel experienced in litigation of this nature, and is committed to the vigorous prosecution of this action.  She does not anticipate any difficulties in managing this litigation.

**DCMWA AND DCPWCL CLASS ACTION ALLEGATIONS**

55.    Plaintiff brings this action on behalf of herself and all other similarly situated employees, present and former, who worked in the District of Columbia and were and/or are affected by the actions, policies and procedures of Defendant as described herein.

56.    The DC Class is defined as follows:  All current and former employees of Digicon who were/are employed as information technology support staff, including technicians, analysts, support analysts, help desk specialists, customer support analysts and desktop technicians ("IT services positions"), in the District of Columbia during the applicable statutory period from September 19, 2011 to present, who were misclassified as exempt and not paid premium overtime wages of one-and-a-half-times their regular rate of pay for all hours worked in excess of forty (40) in a work week.

57.    Plaintiff reserves the right to amend said DC Class definition consistent with information obtained through discovery.

58.    This is an appropriate class action under the District of Columbia Minimum Wage Act, D.C. Code § 32-1012(b), the District of Columbia Payment and Collection of Wages Law, D.C. Code § 32-1308 and under Fed. R. Civ. P. 23, because the Plaintiff and the putative class members are similarly situated in that they are all subject to Digicon's common plan or practice of misclassifying their work as exempt when, in fact, it is non-exempt work under the law, thereby refusing to pay overtime

compensation for non-exempt work in excess of forty (40) hours per week and, to this day, failing to timely pay such wages as required by D.C. law.

59.    All members of the putative class have been subjected to Digicon's willful and intentional violation of its statutory obligation to pay overtime wages at a rate of time-and-a-half to all non-exempt employees for all hours worked in excess forty (40) per week.

60.    The putative members of the class are so numerous that joinder of all members is impracticable, if not impossible, and, upon information and belief, involves more than 50 individuals.  A class action is the only available method for the fair and efficient adjudication of this controversy.

61.     Plaintiff and the putative members of the class share a community of interests in that there are numerous common questions of fact and law which predominate over any questions and issues solely affecting individual members of the class.  As such, a class action is superior to other methods for the fair and efficient adjudication of the controversy.

62.    Questions of fact and law common to the putative members of the DC Class which predominate over any questions affective only individual members include:

(a)    Whether Digicon violated and continues to violate the DCMWA by failing to pay premium overtime wages for all hours worked in excess of forty (40) per week to Plaintiff and putative members of the DC Class who are or have been employed by Digicon in IT services positions in the District of Columbia;

(b)    Whether former and current Digicon employees in IT services positions qualified for exemption under the DCMWA during the statutory period;

(c)     Whether Digicon willfully and/or knowingly attempted to contravene the DCMWA by classifying Plaintiff and putative members of the DC Class as exempt, when their work was non-exempt under the law;

(d)     Whether Digicon violated the DCPWCL by failing to timely pay members of the DC Class overtime wages on a bi-weekly basis as required by the law.

63.     This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the DC Class.  Like all putative class members, Plaintiff was employed by Digicon during the statutory period in an IT services position.  Like all putative class members, Plaintiff was misclassified as an "exempt" employee, and was not paid by Digicon for the overtime hours that she worked.  Like all putative class members, Plaintiff was not timely paid wages owed for the overtime hours she worked.  Plaintiff, like all putative class members, sustained pecuniary losses as a result of these common practices by Digicon, which were in violation of the DCMWA and the DCPWCL.

64.     Plaintiff is an adequate representative of the DC Class and shares the interests of the putative members of the DC Class.  Plaintiff has suffered the same injuries as the putative members of the DC Class, and is not subject to any individual defenses unique from those conceivably applicable to the class as a whole.

65.     Plaintiff has retained zealous, competent counsel experienced in litigation of this nature, and is committed to the vigorous prosecution of this action.

66.     Questions of law or fact common to members of the putative DC Class predominate over questions affecting individual members of the class, as described supra, and a class action is superior to any other method of adjudicating the issues herein.

67.     Because the damages suffered by the individual members of the DC Class, while not inconsequential, may be relatively small, should separate actions be brought or be required of each individual putative member of the DC Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants, and would create the risk of inconsistent rulings, which might be dispositive of the interests of other class members who are not parties to the adjudication and/or might substantially impede their ability to adequately protect their interests.

68.     Concentrating the claims of the DC Class in this Court is appropriate, advisable, and desirable, as the class claims are brought under D.C. law and the acts or omissions giving rise to those claims occurred within the District of Columbia.

69.     Plaintiff is not aware of any other litigation by or against putative class members pertaining the controversy described *supra*.

70.     Plaintiff does not anticipate any difficulties in managing this litigation brought on behalf of the DC Class.

### COUNT I
### INDIVIDUAL CLAIMS FOR NON-PAYMENT OF OVERTIME WAGES
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*

71.     Paragraphs 1 through 70 are realleged as though fully set forth herein.

72.     Digicon has willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA as detailed herein, by misclassifying

Plaintiff, employed as a Help Desk Specialist during the applicable statutory period, as "exempt."

73.    Defendant has willfully and intentionally engaged in a persistent pattern and practice of refusing to pay Plaintiff overtime wages of time-and-a-half for hours worked in excess of forty (40) per work week, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

74.    Digicon's conduct in failing to pay Plaintiff her earned overtime premium wages was unreasonable, arbitrary and/or in bad faith, in that Digicon, by its agents, servants and/or employees, knew or should have known that Plaintiff was non-exempt and entitled to be paid for her overtime work.

75.    Digicon's conduct in failing to pay Plaintiff her earned overtime premium wages was unreasonable, arbitrary and/or in bad faith in that it was not in conformity with or reliance upon any written administrative regulation, order, ruling, approval or interpretation by the U.S. Department of Labor, any state Wage and Hour Bureau, or any administrative practices or enforcement policies of such departments or bureaus.

76.    A three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255, because Digicon willfully violated the FLSA.

77.    On information and belief, Defendant failed to keep payroll records containing all information required by law.

78.    As a result of the foregoing, Plaintiff has been unlawfully deprived of overtime wages that she earned within the statutory period, in such amounts to be determined at trial, and is entitled to recovery of such unpaid amounts, as well as

liquidated damages, pre-judgment interest, costs, reasonable attorneys' fees and other compensation pursuant to 29 U.S.C. § 216 (b).

### COUNT II
### COLLECTIVE CLAIMS FOR NON-PAYMENT OF OVERTIME WAGES
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*

79.    Paragraphs 1 through 78 are realleged as though fully set forth herein.

80.    Digicon has willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying Plaintiff and putative members of the FLSA Collective Action, employed in IT services positions, during the applicable statutory period, as "exempt."

81.    Defendant has willfully and intentionally engaged in a persistent pattern and practice of refusing to pay Plaintiff and putative members of the FLSA Collective Action overtime wages of time-and-a-half for hours worked in excess of forty (40) per workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

82.    Digicon's conduct in failing to pay Plaintiff and putative members of the FLSA Collective Action their earned overtime premium wages was unreasonable, arbitrary and/or in bad faith, in that Digicon, by its agents, servants and/or employees, knew or should have known that Plaintiff and putative members of the FLSA Collective Action were non-exempt and entitled to be paid for their overtime work.

83.    Digicon's conduct in failing to pay Plaintiff and putative members of the FLSA Collective Action their earned overtime premium wages was unreasonable, arbitrary and/or in bad faith in that it was not in conformity with or reliance upon any written administrative regulation, order, ruling, approval or interpretation by the U.S.

Department of Labor, any state Wage and Hour Bureau, or any administrative practices or enforcement policies of such departments or bureaus.

84.     A three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255, because Digicon willfully violated the FLSA.

85.     Upon information and belief, Defendant failed to keep payroll records containing all information required by law.

86.     As a result of the foregoing, Plaintiff and putative members of the FLSA Collective Action have been unlawfully deprived of overtime wages that they earned within the statutory period, in such amounts to be determined at trial, and are entitled to recovery of such unpaid amounts, as well as liquidated damages, pre-judgment interest, costs, reasonable attorneys' fees and other compensation pursuant to 29 U.S.C. § 216 (b).

**COUNT III**
**INDIVIDUAL CLAIMS FOR NON-PAYMENT OF OVERTIME WAGES IN**
**VIOLATION OF D.C. WAGE AND HOUR LAWS**
**D.C. Code § 32-1001, *et seq.* and D.C. Code § 32-1301, *et seq***

87.     Paragraphs 1 through 86 are realleged as though fully set forth herein.

88.     Digicon has engaged in a persistent pattern and practice of violating the provisions of the DCMWA as detailed herein, by misclassifying Plaintiff, employed as a Help Desk Specialist during the applicable statutory period, as "exempt."

89.     Defendant has engaged in a persistent pattern and practice of refusing to pay Plaintiff overtime wages of one-and-a-half times her regular rate of pay for hours worked in excess of forty (40) per work week, in violation of the D.C. Minimum Wage Act, D.C. Code § 32-1003 (c) and the D.C. Payment and Wage Collection Law, D.C. Code § 32-1302.

90.     Digicon's conduct in failing to pay Plaintiff her earned overtime premium wages was unreasonable, arbitrary and/or in bad faith, in that Digicon, by its agents, servants and/or employees, knew or should have known that Plaintiff was non-exempt and entitled to be paid for her overtime work.

91.     Digicon's conduct in failing to pay Plaintiff her earned overtime premium wages was unreasonable, arbitrary and/or in bad faith in that it was not in conformity with or reliance upon any written administrative regulation, order, ruling, approval or interpretation by the U.S. Department of Labor, any state Wage and Hour Bureau, or any administrative practices or enforcement policies of such departments or bureaus.

92.     A three (3) year statute of limitations applies to each such violation, pursuant to D.C. Code § 32-1013.

93.     As a result of the foregoing, Plaintiff has been unlawfully deprived of overtime wages that she earned within the statutory period, in such amounts to be determined at trial, and is entitled to recovery of such unpaid amounts, as well as liquidated damages, pre-judgment interest, costs, reasonable attorneys' fees and other compensation pursuant to D.C. Code §  32-1012 and D.C. Code § 32-1308.

## COUNT IV
### CLASS CLAIMS FOR NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF D.C. WAGE AND HOUR LAWS
### D.C. Code § 32-1001, *et seq.* and D.C. Code § 32-1301, *et seq*

94.     Paragraphs 1 through 93 are realleged as though fully set forth herein.

95.     Digicon has engaged in a persistent pattern and practice of violating the provisions of the DCMWA as detailed herein, by misclassifying Plaintiff and putative members of the DCMWA Class, employed in IT services positions during the applicable statutory period, as "exempt."

96.     Defendant has engaged in a persistent pattern and practice of refusing to pay Plaintiff and putative members of the DCMWA Class overtime wages of one-and-a-half times their regular rate of pay for hours worked in excess of forty (40) per week, in violation of the D.C. Minimum Wage Act, D.C. Code § 32-1003 (c).

97.     Digicon's conduct in failing to pay Plaintiff and putative members of the DCMWA Class their earned overtime premium wages was unreasonable, arbitrary and/or in bad faith, in that Digicon, by its agents, servants and/or employees, knew or should have known that Plaintiff and putative members of the DCMWA Class were non-exempt and entitled to be paid for their overtime work.

98.     Digicon's conduct in failing to pay Plaintiff and putative members of the DCMWA Class their earned overtime premium wages was unreasonable, arbitrary and/or in bad faith in that it was not in conformity with or reliance upon any written administrative regulation, order, ruling, approval or interpretation by the U.S. Department of Labor, any state Wage and Hour Bureau, or any administrative practices or enforcement policies of such departments or bureaus.

99.     A three (3) year statute of limitations applies to each such violation, pursuant to D.C. Code § 32-1013.

100.    As a result of the foregoing, Plaintiff and putative members of the DCMWA Class have been unlawfully deprived of overtime wages that they earned within the statutory period, in such amounts to be determined at trial, and are entitled to recovery of such unpaid amounts, as well as liquidated damages, pre-judgment interest, costs, reasonable attorneys' fees and other compensation pursuant to D.C. Code § 32-1012.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court order:

i.      Certification of this action as a collective action under the FLSA and certification as a class action pursuant to Fed. R. Civ. P. 23;

ii.     Declaratory judgment that Digicon has violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the D.C. Minimum Wage Act, D.C. Code § 32-1001, *et seq.*;

iii.    Declaratory judgment that Digicon's violations of the Fair Labor Standards Act were willful and knowing;

iv.     Defendant to pay named Plaintiff Jacqueline R. Thompson all unpaid overtime wages owed to her as secured by the FLSA, D.C. Code § 32-1001, *et seq.*, and D.C. Code § 32-1301, *et seq* in an amount to be determined at trial;

v.      Defendant to pay named Plaintiff Jacqueline R. Thompson liquidated damages as allowed by law, pursuant to the FLSA, 29 U.S.C. § 216(b), and D.C. law, D.C. Code § 32-1012 and D.C. Code § 32-1308;

vi.     Defendant to pay all members of the FLSA Collective Action Members overtime wages owed to them under the law and liquidated damages available under the law;

vii.    Defendant to pay all members of the DC Class overtime wages owed to them under the law and liquidated damages available under the law;

viii.   An award of pre-judgment and post-judgment interest, as provided by law;

ix.     Any other appropriate equitable relief to which Plaintiff, FLSA Collective Class Members and/or DC Class Members are entitled;

x. An award of Plaintiff's reasonable attorneys' fees and costs of suit, including court costs;

xi. Such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury with respect to each claim set forth in this Complaint.

Dated: September 19, 2014

Respectfully submitted,

*Sharon Y. Eubanks*

**Sharon Y. Eubanks**, District of Columbia Bar No. 420147
**Catharine E. Edwards**, District of Columbia Bar No. 1000457

**Edwards Kirby, LLP**
2000 P Street N.W., Suite 300
Washington, D.C. 20036
Office Telephone: (202) 223-2732
Email: seubanks@edwardskirby.com
cedwards@edwardskirby.com

***Counsel for Plaintiffs***

## CONSENT TO SUE UNDER THE FLSA AND D.C. CODE

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the District of Columbia Code, § 32-1012, to secure any unpaid wages, minimum wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Digicon and any other associated parties.

I authorize Edwards Kirby, LLP, and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 9/16/2014

Jacqueline Thompson