UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACQUELINE R. THOMPSON,

    Plaintiff,

       v.

DIGICON CORPORATION,

    Defendant.

Civil Action No. 14-1597 (CKK)

**MEMORANDUM OPINION**
(May 29, 2015)

Plaintiff, individually and on behalf of others similarly situated, filed suit against Defendant Digicon Corporation ("Digicon") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code § 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq.* ("DCWPCL"), seeking backpay in the form of wages and overtime wages as a result of Digicon's alleged policy and practice of misclassifying Plaintiff and other similarly situated employees as exempt and failing to pay them overtime wages. Compl. ¶ 1. Presently before the Court is Defendant's Motion for Partial Judgment on the Pleadings. *See* ECF No. [8]. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court shall GRANT Defendant's Motion and DISMISS all claims against Digicon for alleged violations of the D.C. Wage Payment and Collection Law.

---

[1] Defendant's Memorandum in Support of Defendant's Motion for Partial Judgment on the Pleadings ("Def.'s Mot."), ECF No. [9]; Plaintiff's Opposition to Defendant's Motion for Partial Judgment on the Pleadings ("Pl.'s Opp'n"), ECF No. [11]; Defendant's Reply in Support of Defendant's Motion for Partial Judgment on the Pleadings ("Def.'s Reply"), ECF No. [12].

**I.     BACKGROUND**

Plaintiff's Complaint alleges four causes of action arising out of Digicon's alleged failure to pay Plaintiff, and the purported class members, overtime wages because Defendant classified Plaintiff and other class employees as exempt from overtime. Count I alleges an individual claim for failure to pay overtime in violation of the FLSA. *See* Compl. ¶¶ 71-78. Count II alleges a collective claim for failure to pay overtime in violation of the FLSA. *See id*. ¶¶ 79-86. Count III alleges an individual claim for failure to pay overtime wages in violation of the DCWPCL and DCMWA. *See id*. ¶¶ 87-93. And Count IV alleges a class claim for failure to pay overtime wages in violation of the DCWPCL and DCMWA. *See id*. at ¶¶ 94-100. The parties do not dispute that Plaintiff bases her DCMWA and DCWPCL claims on the same set of factual assertions. *See* Pl.'s Opp'n, at 5; Def.'s Mot. at 2.

On November 24, 2014, Defendant filed a Motion for Partial Judgment on the Pleadings. Defendant does not dispute that Plaintiff adequately states a claim for relief under the DCMWA and the DCWPCL. Instead, Defendant argues that all of Plaintiff's DCWPCL claims must be dismissed because the DCMWA is Plaintiff's exclusive remedy for the violations alleged. Plaintiff subsequently filed an Opposition to Defendant's Motion to Dismiss and Defendant filed a Reply. Accordingly, Defendant's Motion is ripe for review by the Court.

**II.    LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The standard for reviewing a motion for judgment on the pleadings is "virtually identical" to that applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Baumann v. District of Columbia,* 744 F.Supp.2d 216, 221 (D.D.C. 2010). Because a Rule 12(c) motion "would summarily extinguish

2

litigation at the threshold and foreclose the opportunity for discovery and factual presentation," the district court must approach such motions "with the greatest of care" and deny them "if there are allegations in the complaint which, if proved, would provide a basis for recovery." *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987), *abrogated on other grounds by Hartman v. Moore,* 547 U.S. 250 (2006). "The court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record." *Baumann,* 744 F.Supp.2d at 222.

### III.   DISCUSSION

Defendant argues that the Court must dismiss Plaintiff's DCWPCL claims because the DCMWA is Plaintiff's sole remedy for her overtime claims. Defendant's argument relies on the opinion of District of Columbia District Court Judge Ellen Huvelle in *Driscoll v. George Washington University*, 938 F.Supp.2d 19 (D.D.C. 2013)—the only case within the District of Columbia Circuit to address the question of whether the DCMWA is a plaintiff's sole remedy for his or her overtime claims. 938 F.Supp.2d at 24, 25. In *Driscoll*—a case involving a similar claim for unpaid overtime wages in which the plaintiff-employee sought relief under both the DCMWA and the DCWPCL—Judge Huvelle held that the DCMWA was the plaintiff's exclusive state remedy for his, and the putative class's, unpaid overtime wages claim. The Court has closely reviewed the reasoning in *Driscoll* and finds the statutory analysis and evaluation of legislative history that brought Judge Huvelle to this conclusion persuasive. *See id.* at 22-24. Most importantly, Judge Huvelle noted that the

> D.C. Council enacted a comprehensive, detailed, and restrictive enforcement scheme for violations of the DCMWA with full awareness of the more expansive enforcement provisions of the preexisting DCWPCL. It would therefore frustrate legislative intent—and effectively render the DCMWA's restrictive provisions a nullity—for this Court to conclude that because the facts of [plaintiff's] complaint

3

>amount to a violation of both the DCMWA and the DCWPCL, he can proceed under either or both statutes.

*Id.* at 23. Judge Huvelle also found persuasive the fact that "other jurisdictions have concluded that claims seeking overtime payments under a state's wage payment and collection law are more properly brought under the state's minimum wage law." *Id.* at 24.

As Plaintiff's claims in the present action parallel those before the court in *Driscoll*, the Court finds *Driscoll*'s analysis and reasoning fully applicable to the present case. Specifically, for Plaintiff in the present case and the plaintiff in *Driscoll*, their DCMWA and DCWPCL claims were not each supported by different factual allegations, but instead were based on the same set of factual allegations. The *Driscoll* plaintiff, like Plaintiff here, challenged his employer's decision to pay certain employees wages for their overtime hours worked and to pay them wages at the premium overtime rate consistent with the DCMWA. *See id.* at 21 ("[Plaintiff] argues that GWU violated federal and state wage laws by (1) failing to compensate them for all the overtime hours they actually worked, (2) using the Department of Labor's half-time payment method for overtime hours worked, rather than the time-and-one-half method provided for in the FLSA and DCMWA . . . ."); Pl.'s Opp'n at 3 ("Digicon failed both to pay them wages for their overtime hours worked *and* to pay them wages at the premium overtime rate" (emphasis in original)). Although Judge Huvelle found that the factual allegations forming the basis of both plaintiff's DCMWA and DCWPCL claims were sufficient to state a claim under each statute—a point that is also not disputed here—Judge Huvelle found that the DCMWA was the exclusive remedy for the plaintiff's alleged injury. This Court now comes to the same conclusion in light of the facts alleged in Plaintiff's Complaint.

Plaintiff urges the Court to rely on other District of Columbia District Court cases predating

*Driscoll* in which, Plaintiff alleges, courts have applied the DCWPCL to claims arising out of an employer's failure to pay proper wages and overtime. Pl.'s Opp'n at 5. However, these cases are distinguishable from the present case because the plaintiffs in each case asserted *different* facts for the DCMWA and DCWPCL claims. *See Thompson v. Linda and A., Inc.*, 779 F.Supp.2d 139, 142 (D.D.C. 2011) (DCMWA claim sought minimum wage payments while the DCWPCL claim alleged that employer took unexplained deductions from paychecks); *Ventura v. Bebo Foods, Inc.*, 738 F.Supp.2d 1, 4 (D.D.C. 2010) (alleging that defendants regularly failed to pay overtime and that defendants regularly failed to pay the minimum wage or even give plaintiffs their paychecks)[2]; *Pleitez v. Carney*, 594 F.Supp.2d 47, 48 (D.D.C. 2009) (alleging unpaid overtime wages and unpaid hourly wages). Here, and in *Driscoll*, the plaintiffs' DCWPCL claims were based on—and dependent on—the facts alleged to support the DCMWA claims. Moreover, none of these cases addressed the question at issue in *Driscoll* and at the heart of Defendant's present motion: "whether a plaintiff could pursue claims under both the DCWPCL and the DCMWA based on identical facts." *Driscoll*, 938 F.Supp.2d at 25. Accordingly, the Court finds that Plaintiff's DCWPCL claims must be dismissed as the DCMWA is the sole remedy for Defendant's alleged overtime violations.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Judgment on the Pleadings is GRANTED. Plaintiff's DCWPCL claims are DISMISSED.

An appropriate Order accompanies this Memorandum Opinion.

//

---

[2] The Court also notes that this case did not involve a DCMWA claim, but an FLSA claim, in addition to the DCWPCL claim.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE
